942 So.2d 1086 (2006)
Jeanmarie Finn DERBES
v.
Lawrence DERBES.
No. 06-CA-91.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2006.
*1087 Marc D. Winsberg, Maria G. Marks, Schonekas, Winsberg, Evans & McGoey, New Orleans, Louisiana, for Plaintiff/Appellee.
S. Guy Delaup, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Judge, Pro Tempore.
CLARENCE E. MCMANUS, Judge.

STATEMENT OF THE CASE
Jeanmarie Finn ("Finn")[1] married Lawrence Derbes ("Derbes") in 1990 in California. The couple had one daughter, Monica, in 1992. The couple physically separated in 1993. On October 18, 1995, a California court entered a judgment dissolving the marriage and ordering Derbes to pay Finn spousal support and child support. Derbes was ordered to pay $1,800.00 per month from August 1, 1995 until December 3, 1995. As of January 1, 1996, Derbes was to pay $1,600.00 per month in child support, plus health insurance and certain other expenses. Finn *1088 and Monica moved to St. Louis, Missouri following the divorce.
Derbes paid support until October 1998. Finn obtained a judgment in California on December 14, 2000, ordering Derbes to pay $34,000.00 in arrearages and ordering an income assignment of $2,400.00 per month, which was the $1,600.00 per month for child support plus $800.00 per month in arrearages.
Derbes failed to pay the support. In 2002, Finn learned Derbes was employed at Tulane Medical Center in New Orleans, LA as a physician. She then, through Louisiana counsel, filed a Petition to Make Foreign Judgments Executory on June 24, 2002, in Jefferson Parish. Derbes' last known address was 209 Magnolia Dr. in Metairie, LA and his office address was at Tulane University Hospital and Clinic.
On June 27, 2002, the 24th Judicial District Court rendered a judgment making the 1995 and 2000 California judgments and the income assignment order executory in Louisiana. Derbes' wages from Tulane were garnished $2,400.00 per month under the California Wage Assignment Order beginning in August 2002.
On August 8, 2002, Finn filed a Rule to Determine Child Support Arrearages, to Make Arrearages Executory, to Increase Child Support, to Suspend Licenses and for Contempt and Attorney's Fees and Costs. Finn also filed a Motion for Judgment Debtor Examination. Hearings on both the Rule filed by Finn and the motion for judgment debtor examination were set, but Finn repeatedly filed motions to continue. On September 20, 2002, Finn filed an Ex Parte Motion to Appoint Private Process Server in order to serve Derbes with the Motion for Judgment Debtor and the Motion to Determine Child Support, Arrearages, to Increase Child Support and to Suspend Licenses. Finn argued that she had requested service by the sheriff and several attempts had been unsuccessful. The trial court appointed a private process server.
On November 5, 2002, a Consent Judgment was executed and ordered Derbes to appear for a deposition on November 13, 2002 and to produce certain documents at the deposition pertaining to his finances. At the deposition, Derbes testified that he was employed at Tulane Medical Center, and had started in March 2001 with a salary of $360,000.00 per year, and at the time of the deposition, he was earning $475,000.00 per year. He worked twelve hours per day, five days a week, and was on call twenty-four hours a day, seven days a week.
Finn and Derbes allegedly entered into an agreement at the deposition that Derbes would answer written discovery and produce specific documents. Derbes failed to produce the discovery, so Finn filed a motion to compel. Derbes provided responses. Finn then filed a request to supplement the responses, but Derbes refused.
The hearing on the original Rule filed by Finn was set and continued, at her request, several more times. A status conference was held on June 18, 2003. As a result of that conference, the trial court issued an Order that witnesses' names be disclosed and any motions challenging foreign judgments must be filed by July 10, 2003. The trial court also ordered that Derbes' current wife, Linda, file any motions regarding the use of her separate property to satisfy Derbes' child support and all expert reports by August 10, 2003. The Order further provided that all depositions be complete by August 30, 2003 and another status conference was scheduled for September 3, 2003, at which time a trial date would be selected.
*1089 Derbes filed a Motion to Annul the California Judgment on July 15, 2003. Derbes then filed a Rule to Reduce Child Support on September 5, 2003, claiming he was unemployed and no longer working at Tulane Medical Center. On September 15, 2003, Finn submitted Interrogatories and Request for Production of Documents to Derbes and also requested supplemental responses to previous discovery. Derbes did not respond, so Finn again filed a Motion to Compel.
The trial court entered a judgment on November 10, 2003, granting Finn's motion to compel and ordering Derbes to respond to the discovery requests within twenty days. Derbes did not comply with the order. On October 29, 2003, Derbes filed a motion to continue the October 30, 2003 hearing on the motion to compel and the November 10, 2003 hearing on the original Rule filed by Finn. Derbes stated a continuance was necessary because of a significant medical illness requiring adequate recuperation and his inability to participate and assist counsel. Derbes attached a letter from his treating physician in Hawaii, where he was residing at the time. Dr. Doris Bullen's letter was dated October 11, 2003, stating "I have advised Dr. Derbes that he must discontinue active participation in his legal affairs until he has made a full recovery. I have made this decision because the stress of legal negotiations undermines his health and is a threat to his recovery." Dr. Bullen also stated that Derbes would require at least two months for recovery.
According to the letters, Derbes suffered from a major depressive disorder which is triggered by stress. The trial court granted a continuance but warned Derbes that if further continuances were sought, he would have to provide competent medical evidence of his illness and not just unauthenticated, hearsay letters. Derbes filed another motion to continue on January 9, 2004 contending the January 20, 2004 hearing should be continued by agreement of the parties resulting from a recent child support payment and continuing efforts to settle the matter. Both parties consented to a continuance and the hearing was rescheduled for March 23, 2004.
On March 19, 2004, Derbes filed another motion to continue arguing he required a continuance because of continuing medical problems, and medical problems of his wife, who was a crucial witness. Derbes also stated in the motion that Finn had received a substantial sum in January 2004 towards child support resulting from the sale of his wife's separate property. The trial court continued the matter until May 7, 2004, with May 15, 2004 as a backup.
On May 7, 2004, the day of the hearing, Derbes, through his counsel, sought another continuance attaching a medical narrative report from Dr. Patricia Patrick in Hawaii arguing that Derbes was unable to proceed with the trial due to severe and ongoing depression. Derbes argued he was not capable of making judgments necessary for legal purposes. Derbes submitted several letters from Dr. Patrick, stating his current medical condition and suggesting that the matter be continued until the next year. The trial court refused to admit the letters from Dr. Patrick and other physicians in Hawaii, because they were unauthenticated and hearsay, but the trial court allowed Derbes to proffer the letters. The trial court also denied Derbes' request for a continuance and the hearing was held on May 7, 2004.
Finn was present on May 7, 2004 for the hearing, having traveled from St. Louis. The court heard arguments of counsel and testimony on that date. The trial court issued oral reasons on some issues in open court at the hearing. On June 4, 2004, *1090 Derbes filed a Notice of Intent to Apply for Writs with this Court regarding the actions of the trial court on May 7, 2004. An Order signed on June 10, 2004 gave Derbes until July 9, 2004 to file writs.
The trial court then issued a written Judgment on June 10, 2004. The Judgment listed the motions which were before the Court at the hearing, including: 1) Finn's Rule to Determine Child Support Arrearages, to Make Arrearages Executory, to Increase Child Support, for Contempt, to Suspend Licenses and for Attorney's Fees and Costs, 2) Rule to Reduce Child Support of Lawrence Derbes, Jr., M.D., 3) Finn's Rule for Contempt, to Strike Defenses, and Limited Evidence for Failure to Comply with November 10, 2003 Discovery Order, and for Attorney's Fees and Costs, 4) Linda Derbes' Motion to Strike and Motion in Limine, 5) Derbes' Motion to Annul Judgment, and 6) Derbes' Motion to Continue all Rules and Motions. The trial court denied Derbes' Motion to Continue and denied Linda Derbes' Motion to Strike and Motion in Limine. The court also denied Derbes' Motion to Annul Judgment and his Motion to Decrease Child Support. Finn's Rule for Contempt for Derbes' failure to provide discovery in compliance with the court's order of November 10, 2003 was granted. The trial court held Derbes' in contempt and awarded Finn attorney's fees and costs, with the appropriate fine for the attempt and quantum of attorney's fees and costs to be determined on August 4, 2004. Finn's Motion to Increase Child Support was granted and the 1995 California Judgment was modified and Derbes' was ordered to pay $2,376.00 per month. This increase in child support was retroactive to, August 8, 2002, the date of the filing of the Rule to Increase.
The trial court also granted the motion to establish arrearages and to make those arrearages executory. The court found that Derbes owed $49,300.00 as of May 7, 2004 in arrearages, under the 1995 California Judgment. As a result of the granting of the rule to increase child support, the trial court found that Derbes owed additional arrearages of $776.00 per month, retroactive to August 8, 2002. The arrearages total $16,871.00, representing $575.00 for part of August 2002, plus $776.00 per month for September 2002 through May 2004. The arrearages totaled $66,171.00 as of May 7, 2004. The California rate of interest of 10% per annum was applied and the total amount of interest due as of April 30, 2004 was $21,299.33. The arrearages were also made executory.
The trial court granted Finn's Motion for Contempt for Derbes' failure to pay child support ordered by the 1995 California Judgment and the court awarded Finn attorney's fees and costs. The trial court stated it would determine the appropriate fine for the contempt and the quantum of attorney's fees and costs on August 4, 2004, along with Finn's request for an award of arrearages consisting of direct expenses under the California judgment. Finally, the trial court denied the motion to suspend the licenses of Dr. Derbes. The judgment was designated final and the trial court stated the fact that the court would later consider the attorney's fees, costs, arrearages on direct expenses, and the imposition of fines on a later date, shall not delay the enforceability or appealability of the judgment.
A writ application was filed with this Court on July 12, 2004 by Derbes. This Court denied the writ on July 26, 2004 finding no abuse of the trial court's discretion. Derbes then filed a motion and order for appeal in the trial court on July 28, 2004. The trial court then executed a second judgment on August 24, 2004. The trial court found that Derbes owed Finn *1091 attorney's fees and costs in the amount of $51,662.02, plus interest from the date of the judgment. The trial court stated that it reached this total amount by reducing the $53,252.02 sought by Finn by $1,590.00 in attorney's fees that the trial court found not reimbursable. The trial court further found that Derbes owed Finn additional child support in the form of reimbursable expenses under the 1995 California Judgment in the amount of $2,444.00. The trial court applied the California rate of interest of 10% per annum to these arrearages and they were made executory.
Finally, the trial court ordered Derbes to serve a jail sentence of thirty days, to commence sixty days from the date of the judgment, as a result of his contempt. The trial court did state that if Derbes paid a fine of $500.00 and if the court determined that within sixty days he had made a substantial payment toward the arrearages, fees and costs, Derbes would be relieved of his obligation to serve the jail sentence.
Derbes then filed this appeal on September 8, 2004 asserting three assignments of error: 1) the trial court erred in refusing to continue the hearing on the rules for contempt, to increase child support and for child support arrearages, or to hold the hearing open until August 4, 2004, 2) the trial court erred in awarding attorney's fees in the amount of $51,662.00, and 3) the trial court erred in sentencing Derbes to 30 days in jail.

DISCUSSION
For the reasons discussed below, we affirm the trial court's judgments of June 10, 2004 and August 24, 2004, which resulted from the May 7, 2004 hearing. First, we find that Derbes' assignment of error number one, pertaining to the trial court's denial of his motion for a continuance, is not properly before this Court on appeal. Further, we find no abuse of discretion in the trial court's award of attorney's fees and costs, and no error in the trial court's sentence of 30 days for Derbes' contempt.
Derbes' assignment of error number one asserts that the trial court erred in refusing to continue the May 7, 2004 hearing. The trial court orally denied Derbes' motion to continue the May 7, 2004 hearing, on the day of the hearing. The trial court includes this denial in its written judgment dated June 10, 2004. On July 12, 2004, Derbes filed supervisory writs with this Court seeking review of the trial court's findings. On July 26, 2004, this Court denied the writ finding no abuse of the trial court's discretion. The issue as to whether or not the trial court had abused its discretion in denying Derbes' motion for continuance of the May 7, 2004 hearing was addressed in that writ application. Therefore, this Court has previously ruled on this matter. In addition, this is not an appealable issue. The denial of a motion for a continuance is an interlocutory judgment and is not appealable. Derbes took the appropriate action and filed a writ application with this Court regarding the denial of his motion for a continuance, and other issues. So, we will not address Derbes' assignment of error number one regarding the trial court's denial of the request for a continuance on appeal.
Next, we find the trial court did not abuse its discretion in awarding Finn attorney's fees and costs in the amount of $51,662.00. LSA-R.S. 9:375 provides that a trial court shall, except for good cause shown, award attorney's fees and costs to the prevailing party, when rendering a judgment making past due child support executory. The amount of attorney's fees is within the sound discretion of the trial court. Burnette v. Burnette, 98-0498 (La. App. 4 Cir. 10/21/98), 720 So.2d 757, 763.
*1092 In this case, Finn's counsel provided the trial court with an affidavit, billing statement, and summary of fees and costs. Finn has pursued this child support claim against Derbes since 1995, when the California judgment was entered. She has actively pursued this child support claim against Derbes here in Louisiana since 2002. She has been forced to file many motions to compel in order to get Derbes to answer simple discovery requests concerning his income and employment situation, even after he requested a decrease in his child support obligation. Derbes also prolonged this matter by filing many motions to continue and not making himself available for hearings here in Louisiana. Therefore, Finn was justified in seeking the advice of counsel and in filing the necessary motions to actively pursue this claim. The trial court had an in depth knowledge of this case, including the fact that Derbes had never personally appeared before the court in this matter. The trial court also reviewed the billing statements of Finn's counsel before deciding on the amount of attorney's fees to award. The trial court even chose to exclude $1,590.00 as non-reimbursable. Derbes presented no evidence to the trial court to dispute these statements or fees. Therefore, we find the trial court did not abuse its discretion in awarding $51,662.00 in attorney's fees and costs.
Finally, we find the trial court did not err in imposing a thirty day jail sentence on Derbes for his contempt of the previous orders to pay child support. As of May 7, 2004, Derbes owed $66,171.00 in arrearages under the 1995 California judgment and the August 2002 judgment of the Louisiana court. Derbes had made no attempt to pay his child support obligation. Derbes did not respond to discovery requests and was not forthcoming in sharing information with his ex-wife regarding his income.
La. C.C.P. art. 224(2) provides that the willful disobedience of a lawful judgment or order constitutes constructive contempt. Derbes was willful in his failure to pay child support as ordered. LSA-R.S. 13:4611(1)(d) provides that a person found in contempt of an order to pay child support may be punished by a fine of up to five hundred dollars and a term of imprisonment for up to three months or both.
We find the trial court was justified in ordering Derbes to pay the five hundred dollar fine and ordering the 30 day jail sentence for his obvious disregard of his obligation to his child. The trial court fairly allowed him sixty days following the judgment to pay a $500.00 fine and to make a substantial payment towards his child support obligation in order to be relieved of the jail sentence. On appeal, Derbes argues the trial court was too vague in its provision that he must make a "substantial" payment in order to be relieved of the jail sentence. He argues that he has no way of knowing what a "substantial" payment would be. We find that argument is irrelevant and premature. If Derbes pays the fine and makes any payment towards his child support obligation within sixty days following the judgment, he may request that the trial court relieve him of the jail sentence. At that time the trial court will make a determination of whether or not the payment is substantial.
Accordingly, we affirm the trial court's judgments of June 10, 2004 and August 24, 2004, awarding Finn attorney's fees and costs in the amount of $51,662.02, plus interest, and ordering Derbes to serve thirty days in jail.
AFFIRMED.
NOTES
[1] For ease of clarification, we will refer to Jeanmarie Finn Derbes by her maiden name of "Finn".