PER CURIAM.
 
 *
 

 | finding the court of appeal erred in reversing the trial court judgment rendered in favor of the plaintiff, Mark Aller-ton, we grant this writ to reverse that decision, reinstate the trial court judgment, and remand the case to the trial court for any further proceedings.
 

 Mark Allerton filed suit against Leslie Broussard, the driver of a 1992 Ford Explorer that struck him on October 25, 2005.
 
 *146
 
 The vehicle driven by Broussard crossed two lanes of traffic and entered a parking lot on Jefferson Highway, in Jefferson Parish, where Allerton was standing. The Explorer was registered to James Edwards, a Texas resident, and insured by Mercury County Mutual Insurance Co. (Mercury). The driver left the scene after the accident, prompting an investigation by Trooper Alan Rickmeyer with the Louisiana State Police.
 

 Trooper Rickmeyer testified that when he initially contacted Edwards following the accident, Edwards told him he owned the vehicle and that he had allowed his son, Aaron, to use it. Aaron Edwards initially told Trooper Rickmeyer that he was, in fact, using his father’s vehicle but had placed it in the possession of Richard Broussard for repairs. Richard Broussard is the husband of Leslie Broussard.
 

 12Trooper Rickmeyer then contacted Richard Broussard, who confirmed that he was repairing the vehicle and stated that he periodically loaned it to his wife for her to use. Trooper Rickmeyer demanded to see the vehicle. In response to this request, Aaron Edwards went to the Brous-sard’s home, retrieved the Explorer, and drove it to the police station.
 

 Trooper Rickmeyer was never told that the Explorer belonged to anyone other than James Edwards. However, the Ed-wardses and Broussards later changed their stories and alleged that Aaron Edwards, with the permission of his parents, had sold the vehicle to Richard Broussard five days before the accident.
 

 Allerton and Mercury filed cross motions for summary judgment against each other. Both summary judgment motions turned on the question of whether there was a sale of the insured vehicle prior to the accident.
 

 The trial court denied both motions and conducted a trial during which Aaron Edwards stated that he had sold the vehicle to Richard Broussard on October 20, 2005, five days before the accident, for $1,000 in cash. This version of events was supported to some degree by the deposition testimony of Aaron Edwards’ mother, which was introduced at trial, and bank records, which showed a $1,200 cash deposit into Aaron Edwards’ partner’s bank account after the alleged sale date. The contrary version of events referred to above was also presented at trial.
 

 The trial court rendered judgment in favor of Allerton, against Mercury and awarded him $20,000 in damages. The court of appeal reversed, first finding that the question of whether there was a sale of the vehicle prior to the accident was strictly a legal question, not subject to the manifest error standard of review. Applying the
 
 de novo
 
 standard of review, the court of appeal concluded that Aaron Edwards sold the Explorer to Richard Broussard days before the accident. Accordingly, the court |sof appeal held that the Edwardses and Mercury were not liable to Allerton for his injuries. After careful study, we find the court of appeal did not afford due deference to the factual and credibility determinations of the trial court.
 

 The trial court rendered judgment in favor of Allerton in a case in which factual issues were disputed and the credibility of witnesses was at issue. Resolution of the case turned on whether a valid sale of the vehicle took place prior to the accident. The Edwardses and Broussards told one version of the facts to Trooper Rickmeyer following the accident, and a very different one in Ms. Edwards’ deposition and at trial.
 

 A court of appeal may not set aside a trial court’s findings of fact in the
 
 *147
 
 absence of manifest error or unless they are clearly wrong. Under the manifest error standard, in order to reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.
 
 Bonin v. Ferrellgas,
 
 03-3024, p. 6-7 (La.7/2/04), 877 So.2d 89, 94-95;
 
 Stobart v. State through Dept. of Transp. and Development,
 
 617 So.2d 880, 882 (La.1993). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.
 
 Stobart, Id.
 

 Considering the conflict in the testimony in this case, and the credibility determinations necessary to its resolution, it is clear that if the court of appeal had correctly applied the manifest error standard of review, it would have found the record evidenced a reasonable factual basis supporting the trial court judgment in favor of Allerton. In other words, there is no showing that the trial court judgment was manifestly erroneous or clearly wrong.
 

 UThe court of appeal incorrectly viewed the issue before it as a strictly legal question. It appears this conclusion was based upon a comment by the trial judge regarding vehicle registration. However, it is well settled that “the trial court’s oral or written reasons form no part of the judgment.”
 
 Burmaster v. Plaquemines Parish Government,
 
 07-1311, p. 1-2 (La.8/31/07), 963 So.2d 378, 379. The judgment in this case clearly contemplates the factual and credibility determinations implicit in the result, and the record supports those findings.
 

 Judgment was rendered by the trial court in favor of plaintiff for $20,000. We find the court of appeal erred in reviewing the case
 
 de novo
 
 and reversing the trial court judgment.
 

 DECREE
 

 Accordingly, the decision of the court of appeal is reversed. The judgment of the trial court is reinstated, and the case is remanded to the trial court for any further proceedings.
 

 WRIT GRANTED; COURT OF APPEAL JUDGMENT REVERSED, TRIAL COURT JUDGMENT REINSTATED, AND CASE REMANDED.
 

 *
 

 Chief Justice Kimball did not participate in this decision.