NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-440

MARY BETTY WILLIAMS

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2010-10405
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

M. Charles Brandt, Jr.
Attorney at Law
111 Mercury Street
Lafayette, LA 70503-0000
(337) 237-7171
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mary Betty Williams

**James Edward Diaz, Jr.**
**John E. Ortego & Associates**
**Attorney at Law**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Parkway**
**Lafayette, LA 70503**
**(337) 988-7240**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State Farm Mutual Automobile Insurance Company**
    **Paula Trahan**

**PICKETT, Judge.**

Plaintiff appeals the trial court's determination that she did not carry her burden of proving the defendant caused the accident at issue. We affirm.

## FACTS

On December 8, 2009, Mary Betty Williams and Paula Trahan [1] were involved in an automobile accident in Rayne, Louisiana in the southbound lane of a four-lane divided highway. Ms. Williams filed suit against Ms. Trahan, asserting Ms. Trahan caused the accident. Ms. Williams sought property damages and damages for pain and suffering, medical expenses, and lost income.

At trial, Ms. Williams testified she was driving no more than ten miles per hour when Ms. Trahan failed to yield to her and entered her lane of travel. She stated the left rear of Ms. Trahan's vehicle struck the right front portion of her vehicle, damaging the vehicle and causing her to suffer back pain. Ms. Williams was arrested by the investigating police officer for driving with a suspended license but explained she did not know her license had been suspended for failure to pay a speeding ticket.

Ms. Trahan testified she was traveling south in the inside lane of the highway when Ms. Williams entered her lane from the outside lane and struck the rear of her vehicle. Ms. Trahan further testified the accident report included only portions of what she stated to Patrolman Joshua Board of the Rayne City Police, the investigating officer, at the scene of the accident. She also related she attempted to explain herself more thoroughly, but Patrolman Board stated he was taking Ms. Williams to the police station and she could join them. Ms. Trahan did not go to the police station at that time but did after obtaining a copy of the police report. She testified she submitted an amended statement in which she described

---

[1]Ms. Trahan was married after the accident occurred. For purposes of this opinion, she is referred to as "Ms. Trahan," her name when the accident occurred.

the accident occurring as she testified, not as Patrolman Board stated in his report. Patrolman Board ticketed Ms. Trahan for the accident. She appeared in court and pled not guilty; the ticket was dismissed.

Patrolman Board testified Ms. Williams advised him the accident occurred as she was driving in the inside southbound lane toward Rayne when Ms. Trahan made a sudden left-hand turn into the southbound lane and struck her vehicle on the driver's side. He testified Ms. Trahan reported the accident occurred as she was entering the southbound lane of the highway. Patrolman Board further testified he found "a little plastic shard" of debris immediately south of the median intersection in the area where the accident occurred which believed fell from one of the vehicles involved in the accident. He admitted, however, he did not check either Ms. Williams' or Ms. Trahan's vehicle to determine whether the plastic shard had fallen from one of their vehicles and he was not certain the debris resulted from damage to either vehicle.

With regard to Patrolman Board's testimony regarding debris at the accident site, Ms. Trahan testified photographs of her vehicle indicated something was missing from the front grill of the vehicle. She explained, however, the missing piece, a plastic strip with a GM emblem on it that stretched from one head light to the other, flew off the vehicle as she was driving on Interstate 10 after she left Rayne.

Patrolman Board acknowledged Ms. Trahan made another statement concerning the accident. Contrary to her testimony, he testified he had not seen her when she was at the police department and made the amended statement, but he acknowledged he had been provided with her statement. Patrolman Board denied the amended statement reflected what Ms. Trahan had told him the day the accident occurred.

2

The trial court concluded Ms. Williams did not carry her burden of proof and awarded judgment in favor of Ms. Trahan, dismissing Ms. Williams' claims against her. The trial court explained its findings:

> I am not particularly impressed with the officer in this case. I don't know what he saw, but I have a difficult time, in looking at these photographs, believing that there was any type of debris field. There's -- There are not cracked lights, there's nothing that would have left a debris field. So all he had to offer was, apparently, versions of what each party told.
>
> So this is a case where . . . after I consider all the evidence, the scales are evenly balanced. I don't feel that the plaintiff has carried her burden, because both versions are plausible, but neither one has more credibility than the other.
>
> So this is a case where plaintiff cannot recover, because she could not prove, by a preponderance of the evidence, that the accident was the fault of the defendant in this case.
>
> In looking at the photographs, they don't lend much help into the mechanism of the accident. Based upon the damage, [the accident] could have occurred either way. . . . So I'm going to deny recovery in this case.

Ms. Williams appealed the trial court's judgment. On appeal, she assigns error with the trial court's conclusion that she did not prove Ms. Trahan caused the accident.

## DISCUSSION

A trial court's findings of fact cannot be set aside on appeal unless review of the record shows the trial court's findings were manifestly erroneous or clearly wrong. Before an appellate court reverses the trial court's findings of fact, it must review the entire record and find no reasonable factual basis exists for the trial court's findings. The court's review of the record must also establish the fact finder was clearly wrong or manifestly erroneous. *Allerton v. Broussard*, 10-2071 (La. 12/10/10), 50 So.3d 145. If there are conflicts in the testimony, the appellate

3

court should not disturb reasonable evaluations of credibility and reasonable inferences of fact made by the fact finder. *Id.*

As the trial court explained, there are conflicts in the testimonies of Ms. Williams and Ms. Trahan as to how the accident occurred and who was at fault. The trial court concluded, however, neither Ms. Williams nor Ms. Trahan was more credible than the other. Moreover, the trial court determined neither Patrolman Board's testimony nor the physical evidence resolved these conflicts. We have reviewed the record, and our review shows the trial court's findings of fact are not manifestly erroneous or clearly wrong. Therefore, they must be affirmed.

## DISPOSITION

The judgment of the trial court is affirmed. All costs are assessed to Mary Betty Williams.

**AFFIRMED.**