HANS J. LILJEBERG, Judge.
|2In this domestic matter, the plaintiff/appellant, F. Patrick Quinn, appeals a ruling of the trial court that awarded his former wife, the defendant/appellee, Julie Unangst Quinn, child support arrearages and attorney’s fees.

STATEMENT OF THE CASE

Julie and F. Patrick Quinn were married on May 25, 1996. On October 10, 2006, Mr. Quinn filed for divorce, judgment of which was rendered on March 26, 2007. Litigation thereafter ensued relating to property, custody, and child support. On March 24, 2010, the parties entered into a Consent Judgment Concerning Custody and Child Support, as well as a separate Consent Judgment of Partition of Community Property. On September 29, 2010, Ms. Quinn filed a Motion for Contempt, Arrearages, Attorney’s Fees & Costs, seeking, as related to this appeal, child support arrearages for expenses incurred during 2009-2010 in mortgage payments, insurance and property taxes, totaling $25,539.47. Ms. Quinn requested |sattorney’s fees as well. On November 10, 2010, the trial court heard other matters, resulting in an award of $5,000.00 in attorney’s fees to Ms. Quinn. The trial court continued the hearing as to the issue of mortgage payments, insurance and property taxes.[1] On August 2-3, 2011, the trial court handled the remaining motion for contempt and arrearages, as well as *1115 the rehearing regarding attorney’s fees. On August 23, 2011, the trial court issued a written judgment, awarding Ms. Quinn $25,539.47 in child support arrearages for mortgage payments, insurance and taxes incurred by her during the 2008-2010 years and $5,000.00 in attorney’s fees. Mr. Quinn now appeals that judgment.

ISSUES PRESENTED

On appeal, Mr. Quinn asserts that the consent judgment as to the partition of property, whereby Mr. Quinn transferred full and exclusive ownership, right, title and interest in the former matrimonial domicile, 419 Northline Drive, to Ms. Quinn, relieved him of any outstanding liabilities as related to the domicile. Specifically, Mr. Quinn asserts that pursuant to the consent judgment, both parties waived any right to itemization of outstanding liabilities associated with the house and further waived any rights to reimbursement of any costs. Additionally, Mr. Quinn asserts that $150,000.00 cash was transferred to Ms. Quinn, pursuant to the consent judgment, for any incidentals relating to 419 Northline Drive. Moreover, Mr. Quinn asserts the trial court erroneously awarded Ms. Quinn attorney’s fees.
In response, Ms. Quinn contends that prior to March 24, 2010, Mr. Quinn was ordered to pay child support that included direct payments to vendors of the mortgage, insurance and property taxes on the former matrimonial domicile. Ms. Quinn further contends that prior to her entering into the two separate consent judgments, Mr. Quinn represented to her and the trial court that all insurance and |4tax payments were current up to that point. Subsequently, Ms. Quinn learned that these payments were still owed and incurred expenses and attorney’s fees through her attempts to make current the payments and seek reimbursement from Mr. Quinn. Ms. Quinn maintains on appeal that the mortgage, insurance and property taxes owed prior to the March 24, 2010 consent judgments are child support arrearages, and as such she is entitled to reimbursement and attorney’s fees.
The record is clear and it was undisputed by the parties at the hearing that prior to March 24, 2010, Mr. Quinn was ordered by the court, as one form of child support, to pay the mortgage, insurance and property taxes on 419 Northline Drive, the former matrimonial domicile, where Ms. Quinn resided with their two minor children. At the hearing, Ms. Quinn testified that prior to signing the consent judgments in March 2010, Mr. Quinn represented to her that the insurance and property taxes were current. Ms. Quinn also testified that she knew Mr. Quinn had not paid two of the mortgage payments because she received paperwork in the mail requesting payment.[2] Moreover, Ms. Quinn testified that she knew the mortgage payment was very low, approximately $1,400.00. However, in July 2010, Ms. Quinn testified that she received a mortgage bill for the month of August, which was approximately five times its normal amount. Ms. Quinn further testified that she subsequently received a letter from the law firm of Shapiro & Daigrepont that advised her that her home was in foreclosure due to the failure to make mortgage, insurance and property tax payments during the 2008-2010 years. Upon further investigation, Ms. Quinn explained that she learned that Mr. Quinn had failed to pay five mortgage payments from 2009-2010, the 2008 insurance and the 2009 property *1116 taxes. Ms. Quinn also learned that it was the mortgage company, not Mr. | r,Quinn, that had been making the insurance and tax payments. Ms. Quinn further testified that had she known Mr. Quinn had not made these payments, she would not have entered into the consent judgments on March 24, 2010. Ms. Quinn additionally testified that the $150,000.00 cash transferred to her from Mr. Quinn pursuant to the consent judgment was designated as reimbursement of court costs and fees, court reporters and house expenses.
At the hearing, Mr. Quinn did not dispute that prior to March 24, 2010, the trial court ordered him to pay child support which included making direct payments on the mortgage, insurance and property taxes for 419 Northline Drive. Notwithstanding, Mr. Quinn testified that while making most of the payments, he did not make all of the payments on the mortgage, insurance, and property taxes for one reason or another. However, he adamantly maintained that he did not represent to Ms. Quinn that he had made the payments. He also maintained that he gave Ms. Quinn $150,000.00 cash that was to be applied to any “loose miscellaneous bills.” Moreover, Mr. Quinn argued at the hearing and on appeal that Ms. Quinn could have known the status of the mortgage, insurance and taxes by simply checking the websites online.[3]
In its written judgment, the trial court found that on the date of the consent judgments, Mr. Quinn led Ms. Quinn to believe that all property taxes and insurance on the Northline property had been paid, and that no additional liability existed until March 24, 2010. Instead, the taxes were not current, but on appeal, and the insurance was paid by the mortgage company. The trial court thereby found that Ms. Quinn was entitled to the arrearages in mortgage, insurance and tax payments due prior to March 24, 2010.
| After reviewing the record and the trial court’s judgment and reasons, we cannot conclude that the trial court’s judgment in favor of Ms. Quinn was manifestly erroneous. The overriding fact question in the case turned on credibility. A court of appeal may not set aside a trial court’s findings of fact in the absence of manifest error or unless they are clearly wrong. Allerton v. Broussard, 10-2071 (La.12/10/10), 50 So.3d 145, 146-147; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993); Cenacle Retreat House v. Dubose, 04-571, (La.App. 5 Cir. 11/30/04), 888 So.2d 409, 411, unit denied, 05-157 (La.3/24/05), 896 So.2d 1040. If there are two permissible views of the evidence, a fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id. Accordingly, we find no error in the trial court’s finding and affirm the trial court’s judgment of August 23, 2011, awarding Ms. Quinn $25,539.47 in arrear-ages for mortgage, insurance and tax payments.
Additionally, we find the trial court did not abuse its discretion in awarding Ms. Quinn attorney’s fees in the amount of $5,000.00. LSA-R.S. 9:375 provides that a trial court shall, except for good cause shown, award attorney’s fees and costs to the prevailing party, when rendering a judgment making past due child support *1117 executory. The amount of attorney’s fees is within the sound discretion of the trial court. Derbes v. Derbes, 06-91(La.App. 5 Cir. 9/26/26), 942 So.2d 1086, 1092; Burnette v. Burnette, 98-0498 (La.App. 4 Cir. 10/21/98), 720 So.2d 757, 763. Instantly, Ms. Quinn provided the trial court with a billing statement and a summary of fees and costs associated with her representation by Mr. Wiley |7Beevers as to the instant motion, totaling $9,701.70. The trial court reviewed the billing statements of Ms. Quinn’s counsel before deciding on the amount to award. Moreover, as the trial court noted in its judgment, Mr. Quinn presented no evidence to the trial court to dispute these statements or fees. Therefore, we find the trial court did not abuse its discretion in awarding $5,000.00 in attorney’s fees and costs.

DECREE

Accordingly, the trial court’s judgment of August 23, 2011, awarding arrearages and attorney’s fees and costs, is affirmed. The costs of the appeal are assessed to the appellant, Mr. Quinn.

AFFIRMED

. The attorney’s fees were not made executory at that time to allow Mr. Quinn to submit further argument at the next hearing date.

. Ms. Quinn testified that prior to March 24, 2010, she attempted to check the mortgage website only to find that the password had been changed. Additionally, she testified that she did not always receive timely notice of Mr. Quinn’s failure to make payments because Mr. Quinn would change the mailing address on the account.

. Ms. Quinn testified that she did check the balances online, but because the mortgage company was paying the insurance and taxes, the accounts reflected that all payments were current.