# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-517


**STATE IN THE INTEREST OF**
**I. B. W.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. J-2737
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Marc T. Amy, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Thomas G. Wilson**
**420 Kings Drive**
**Pineville, LA   71360**
**(318) 201-2807**
**COUNSEL FOR APPELLANT:**
     A. V.

**Guy R. Lain**
**100 Serio Boulevard**
**Ferriday, LA   71334**
**(318) 757-3667**
**COUNSEL FOR APPELLEE:**
     **Grant Parish Department of Child and Family Services**

**Renee P. Cote**
**720 Travis Street**
**Shreveport, LA   71101**
**(214) 369-0024**
**COUNSEL FOR APPELLEE:**
     **I. B. W.**

**Joseph P. Beck, III**
**5529 Monroe Highway**
**Ball, LA   71405**
**(318) 640-9202**
**COUNSEL FOR APPELLEE:**
     **B. W.**

**Misty A. Prudhomme**
**Assistant District Attorney**
**200 Main Street**
**Colfax, LA   71417**
**(318) 627-3205**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

AMY, Judge.

The State sought to take the appellant's newborn into State custody on the basis that the mother had continuing dependency problems and had not been progressing on her already-extant case plan. At the hearing on that order, the mother moved to dismiss based on the failure to hold a continued custody hearing within three days. The trial court denied the motion. The mother also objected to the trial court's consolidation of the instant case with the pending case concerning her two other children. The trial court also denied that motion and consolidated the two cases. The mother appeals. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, two of A.V.'s minor children, G.K. and C.S.,[1] were previously placed in foster care. A child-in-need-of-care case under docket number J-2674 is pending concerning G.K. and C.S. In February of 2013, A.V. gave birth to I.B.W. Shortly thereafter, the Department of Children and Family Services responded to a report that A.V. had a substance dependency problem. After investigating the report, the State sought an instanter order. Under docket number J-2737, the trial court granted that order on February 28, 2013, and ordered that I.B.W. be taken into temporary State custody. A continued custody hearing was scheduled for March 6, 2013.

At the continued custody hearing, A.V. moved to dismiss the proceedings on the basis that the continued custody hearing was not held within the three-day period prescribed by La.Ch.Code art. 624. The trial court denied that motion. On its own motion, the trial court consolidated the instant matter, J-2737, with docket

_____

[1] Initials are used to protect the confidentiality of the parties pursuant to La.Ch.Code art. 412.

number J-2674. A.V. objected to the consolidation, and her objection was overruled by the trial court.

A.V. appeals. Although A.V. has not formally specified any assignments of error, she asserts that 1) the trial court erred in failing to dismiss the case and 2) that the evidence is insufficient to support a finding that I.B.W. is a child in need of care.

**Discussion**

*Motion to Dismiss*

Pursuant to La.Ch.Code art. 624(A), "[i]f a child is not released to the care of his parents, a hearing shall be held by the court within three days after the child's removal or entry into custody." That time is calculated as follows:

> A. In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.
>
> . . . .
>
> D. All Saturdays and Sundays are also considered as legal holidays.

La.Ch.Code art. 114.

According to the record, the instanter petition was signed on February 28, 2013, a Thursday. The application of La.Ch.Code art. 114 indicates that the third day following the child's entry into custody would have been Tuesday, March 5. However, the continued custody hearing was not held until Wednesday, March 6.

We observe that the record contains references indicating that the delay was partly attributable to the recusal of one of the trial court judges. Further, La.Ch.Code art. 624(B) provides that, after notice to all parties and a showing of

2

good cause, the trial court may continue the continued custody hearing for up to three days "in accordance with the best interests of the child." We also note that A.V. was provided with a full hearing on the continued custody of I.B.W., as required by La.Ch.Code art. 624. Finally, the State has indicated in its brief that, if the matter were dismissed, the State would seek another instanter order. Thus, with respect to the facts of this particular case, we find that any error in holding the continued custody hearing on Wednesday, March 6, rather than Tuesday, March 5, requires no correction on appeal.

*Insufficiency of Affidavit*

A.V. also complains that there was insufficient evidence in the affidavit in support of the instanter order and insufficient evidence produced at the continued custody hearing to support a finding that I.B.W. was a child in need of care. Louisiana Children's Code Article 626(A) states that "[t]he court may authorize continued custody of a child prior to adjudication if there are reasonable grounds to believe the child is in need of care and that continued custody is necessary for his safety and protection." In *State in the Interest of P.J.*, 47,550, pp. 10-11 (La.App. 2 Cir. 9/12/12), 104 So.3d 517, 522-23, the second circuit discussed the appellate review of juvenile matters, stating:

> An appellate court cannot set aside a juvenile court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *Allerton v. Broussard*, 10-2071 (La. 12/10/10), 50 So.3d 145; *In re A.J.F.*, 00-0948 (La. 6/30/00), 764 So.2d 47; *State ex rel. J.B.*, 35,032 (La.App. 2[] Cir. 5/9/01), 794 So.2d 899. Where there is conflicting testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even when the appellate court may feel that its own evaluations and inferences are as reasonable as those of the trial court. *In re A.J.F.*, *supra*; *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does

3

not exist for the finding, and if such a basis does exist, (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Allerton*, *supra*; *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993); *State ex rel. D.H.*, 04-2105 (La.App. 1[] Cir. 2/11/05), 906 So.2d 554.

Pursuant to La.Ch.Code art. 606, allegations that a child is in need of care must include one or more of the following grounds, in relevant part:

(1) The child is the victim of abuse perpetrated, aided, or tolerated by the parent or caretaker, by a person who maintains an interpersonal dating or engagement relationship with the parent or caretaker, or by a person living in the same residence with the parent or caretaker as a spouse whether married or not, and his welfare is seriously endangered if he is left within the custody or control of that parent or caretaker.

(2) The child is a victim of neglect.

Abuse and neglect are defined in La.Ch.Code art. 603. "Abuse" is defined as "any one of the following acts which seriously endanger the physical, mental, or emotional health and safety of the child[.]" La.Ch.Code art. 603(1). As relevant here, those acts include "[t]he infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person." *Id.* "Neglect" is defined, in relevant part, as "the refusal or unreasonable failure of a parent or caretaker to supply the child with necessary food, clothing, shelter, care, treatment, or counseling for any injury, illness, or condition of the child, as a result of which the child's physical, mental, or emotional health and safety is substantially threatened or impaired." La.Ch.Code art. 603(16).

Neglect also includes prenatal neglect. *Id.* "Prenatal neglect" is defined as "the unlawful use by a mother during pregnancy of a controlled dangerous substance, as defined by R.S. 40:961 et seq., which results in symptoms of withdrawal in the infant or the presence of a controlled substance in the infant's

4

body." La.Ch.Code art. 606(22).[2]

Don Jones, the child protection investigator assigned to the case, testified that he received a report of dependency slightly over a week after I.B.W.'s birth. He testified that he investigated the report. According to Mr. Jones, A.V. already had two other children in State custody and she was not complying with her case plan. Part of that case plan required A.V. to attend substance abuse treatment. A letter from the Grant Addictive Disorders Clinic was submitted into evidence that indicated that A.V. had not been attending her group or individual sessions, that she had not remained abstinent from certain drugs, and that overall she had not maintained adequate progress. A.V. denied that she tested positive for non-prescription medication. However, there was testimony at the hearing that A.V. tested positive for opiates or other narcotics on six occasions since August of 2012, the last being in early January of 2013. All of these positive test results occurred while she was pregnant with I.B.W.

Lori Bardwell, the child welfare supervisor, testified that, in addition to requiring that she receive substance abuse counseling, A.V.'s case plan also required that she receive domestic violence counseling, that she attend parenting classes, that she maintain independent stable housing, income, and that she pay

---

[2] La.Ch.Code art. 603(22) was amended by 2007 La. Acts 396, § 1, to include:

> exposure to chronic or severe use of alcohol or the unlawful use of any controlled dangerous substance, as defined by R.S. 40:961 et seq., or in a manner not lawfully prescribed, which results in symptoms of withdrawal in the newborn or the presence of a controlled substance or a metabolic thereof in his body, blood, urine, or meconium that is not the result of medical treatment, or observable and harmful effects in his physical appearance or functioning.

However, the amendment states that it "shall not become effective unless and until sufficient funds are appropriated by the legislature for such purposes[.]"

child support. According to Ms. Bardwell, A.V. had not fully complied with any aspect of her case plan.

A.V. also testified. She attributed her positive drug screens to the stress of her children being taken away. She also asserted that she was only taking prescription medication that was intended to help her stop using narcotics. She attributed her addiction to pain resulting from a car accident that occurred when she was eleven, approximately twelve years ago. A.V. also asserted that her home with her fiancé and his parents was adequate and that she would be able to take care of I.B.W. if he was returned to her.

Our review of the evidence in the record indicates that the State offered sufficient evidence to support a finding that there were reasonable grounds to believe I.B.W. was in need of care and that continued custody was necessary for his safety and protection. "An appellate court cannot set aside a juvenile court's findings of fact in the absence of manifest error or unless those findings are clearly wrong." *State in the Interest of P.J.*, 104 So.3d at 522-23. Accordingly, we cannot say that the trial court was manifestly erroneous or clearly wrong in its determination that I.B.W. was a child in need of care. Thus, A.V.'s argument in this regard is without merit.

### DECREE

For the foregoing reasons, we affirm the trial court's judgment dated March 14, 2013. Costs of this appeal are assessed to the appellant, A.V.

**AFFIRMED.**

6