WINDHORST, J.
Appellant/plaintiff, Norman Bonck, appeals the trial court's May 7, 2018 judgment in favor of appellees/defendants, Linda Crockem, State Farm Mutual Automobile Insurance Company, and Allstate Insurance Company, dismissing appellant's claims with prejudice. For the reasons that follow, we affirm.
Facts and Procedural History
On October 23, 2014, after exiting the Wal-Mart located on Loyola Drive, appellant was allegedly waiting in the median to turn left (southbound) when he was struck by Ms. Crockem's vehicle, which was traveling in the left southbound lane on Loyola Drive. As a result, appellant allegedly sustained injuries. On October 20, 2015, appellant filed a petition for damages against Ms. Crockem and her insurer, State Farm.[1] In a supplemental petition for damages, appellant added his underinsured motorist insurer, Allstate, as an additional defendant.[2] On April 5, 2018, the matter proceeded to a judge trial.
At trial, appellant testified that on October 23, 2014, at approximately "6:30, 6:45-ish" P.M,[3] he was leaving the Wal-Mart on Loyola Drive and heading home. Upon exiting the parking lot, he crossed the three northbound lanes and stopped in the median *507 where he was waiting to turn left onto the southbound lane of Loyola Drive. There were three southbound lanes at this intersection, the far left lane being the left turn lane. He testified that he "[c]hecked the main lanes of travel going southbound, and as I was crossing I heard (sound) noise that startled me. I looked back to the right as I heard that noise and boom, the accident happened. I was looking straight into Miss Crockem's eyes." Appellant testified that at the point of impact, he was stopped in the median and his vehicle was "[p]erfectly straight, perpendicular" with the intersection, but conceded he was not looking in the direction that the traffic was coming, including the turning lane. He testified that his foot was on the brake when Ms. Crockem's vehicle struck his vehicle. In support of his testimony, appellant submitted into evidence video surveillance of the accident.
Ms. Crockem testified that the night of the accident she was traveling on Loyola Drive going to Subway, which is about a block further up the road from Wal-Mart. It was dark outside and she was in the left lane closest to the median, but she was not in the left turn lane. Ms. Crockem testified that she did not see the accident occur, she only remembers that appellant ran up to her vehicle afterwards and said "Miss, Miss, are you all right? I'm so sorry. I'm so sorry. I didn't see you." At that point, she looked back and saw appellant's vehicle. She testified that her vehicle was damaged from the driver's door to the back door and there was no damage to the front of her vehicle. She stated that she "[n]ever" entered the left turn lane that leads to Wal-Mart.
Officer Brian Fogarty with Kenner Police Department testified that after interviewing both parties and the damage to the vehicles, he issued a citation to appellant for failure to yield when coming from a private driveway. Appellant testified that while he received a citation after the accident, the citation was subsequently dismissed.
Discussion
On appeal, appellant contends that the trial court erred in finding that he, and not Ms. Crockem, was at fault for the accident, and for failing to award him damages as a result thereof.
A court of appeal may not set aside a trial court's findings of fact in the absence of manifest error or unless they are clearly wrong. Allerton v. Broussard, 10-2071 (La. 12/10/10), 50 So.3d 145, 146-147, reconsideration denied, 10-2071 (La. 1/28/11), 56 So.3d 974. Under the manifest error standard, in order to reverse a trial court's finding of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the trier of fact is clearly wrong or manifestly erroneous. Id. at 147. Where a conflict in the testimony exists, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the reviewing court may feel that its own evaluations and inferences are more reasonable. McGlothlin v. Christus St. Patrick Hosp., 10-2775 (La. 7/1/11), 65 So.3d 1218, 1231 ; Stobart v. State, Dep't of Transp. and Dev., 617 So.2d 880, 882 (La. 1993).
The trial court found that appellant's testimony regarding his actions prior to the accident were accurate. However, immediately prior to impact , appellant "did not have his foot on the brake as he testified and thus crossed into [Ms. Crockem's] lane of travel, striking [Ms. Crockem's] vehicle." The trial court further found that the photographic evidence of the parties' vehicles, particularly the damage *508 to Ms. Crockem's vehicle, corroborated a finding that "it would be impossible for [Ms. Crockem] to have sideswiped [appellant's] vehicle and created only such localized damage to her vehicle. The damage to [Ms. Crockem's] vehicle is consistent with being impacted directly on the driver's side by the front passenger side of [appellant's] angled vehicle."
We have painstakingly viewed the surveillance video frame by frame, and we find no error in the observation and reasoning of the trial court. We also find persuasive, as did the trial court, that the damage to Ms. Crockem's car was in a section toward the middle of its left side, beginning near and below the left side-view mirror. The damage began relatively far from the front left corner of her car, which supports her version of how the accident occurred, and makes appellant's version unfeasible. We also note that while appellant characterized the position of his truck as in the "median," he was in fact stopped in and perpendicular to the turning lane, which Ms. Crockem's car had a right to enter. Lastly, the trial court saw the testimony firsthand, and was able to assess credibility and the weight to which the testimony was entitled.[4]
After considering the testimony, as well as the entirety of the evidence, including the video and photographic evidence of the scene of the accident and the location of the damage to each of the parties' vehicles, the trial court clearly believed Ms. Crockem's testimony over appellant's, finding that appellant moved into appellee's lane of travel causing the accident.
Conclusion
Accordingly, we conclude that the trial court was not manifestly erroneous or clearly wrong in finding that appellant was at fault for the accident. For the reasons stated herein, we affirm the trial court's May 7, 2018 judgment.
AFFIRMED

The parties stipulated that State Farm provided Ms. Crockem with coverage in the amount of $25,000 for bodily injury and property damage.

The parties stipulated that Allstate provided underinsured motorist coverage to appellant in the amount of $15,000.

The trial court's written judgment stated that the accident occurred at 7:30 P.M.; however, the surveillance video showed that the accident occurred at 7:43 P.M.

In her reasons for example, the trial judge included that Ms. Crockem was emphatic that she did not veer into the turning lane.