664 So.2d 742 (1995)
COX CABLE NEW ORLEANS, INC.
v.
CITY OF NEW ORLEANS and Etta Morris, the Director of the Department of Finance for the City of New Orleans.
COX CABLE NEW ORLEANS, INC.
v.
Paul MITCHELL, the Director of the Department of Finance, City of New Orleans.
Nos. 94-CA-2102, 94-CA-2492.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1995.
Order Granting Limited Rehearing December 19, 1995.
Writ Denied February 28, 1996.
*743 Marcel Garsaud, Jr., Martin E. Landrieu, Gordon, Arata, McCollam & Duplantis, New Orleans, for Plaintiff-Appellee.
Avis Marie Russell, City Attorney, Joseph N. Naccari, Assistant City Attorney, New Orleans, for Defendants/Appellants.
Before KLEES, BYRNES, ARMSTRONG, PLOTKIN and JONES, JJ.
BYRNES, Judge.
The Department of Finance for the City of New Orleans, "the City," appeals the trial courts' granting of summary judgments in favor of Cox Cable New Orleans, Inc., "Cox Cable", in these consolidated causes of action relative to sales and use tax on certain components of cable television service. We affirm the judgment of the trial court in the appeal entitled Cox Cable New Orleans, Inc. v. Paul Mitchell, The Director of the Department of Finance, City of New Orleans, 94-CA-2494, and reverse and render judgment in favor of the City in the appeal entitled Cox Cable New Orleans, Inc. v. City of New Orleans and Etta Morris, the Director of the Department of Finance for the City of New Orleans, 94-CA-2102.
Appeal # 94-CA-2102 is pursuant to a petition filed by Cox Cable on December 17, 1993. It included a prayer for a declaratory judgment on the issue of tax exemption as well as a refund for sales and use tax paid under protest for the leasing of converter boxes to cable customers. The petition was supplemented to include cable subscribers as a class of plaintiffs in addition to Cox Cable. The trial court granted summary judgment without reasons in favor of Cox Cable and the cable subscribers on September 2, 1994.
Appeal # 94-CA-2492 is pursuant to a petition filed solely by Cox Cable for a refund of sales taxes paid on cable remote control devices. The trial court rendered summary judgment on October 27, 1994 in favor of Cox Cable, finding that "the remote control units provided to Cox Cable subscribers in New Orleans are part of the cable service and therefore not subject to sales tax or whether the units are leased tangible property subject to sales tax."
Cox Cable does not dispute the fact that the remote controls and converter boxes are tangible personal property as defined by Section 56-18 of the Code of the City of New Orleans (City Code). See: South Central Bell Telephone Company v. Barthelemy, 643 So.2d 1240, 1243 (La.1994); City of New Orleans v. Baumer Foods, Inc., 532 So.2d 1381 (La.1988); LSA-C.C. art. 461.
The only question is whether they are exempt from the use tax imposed by Section 56-21 of the City Code pursuant to LSA-R.S. 47:305.16 which states:
Exclusions and exemptions; cable television installation and repair.
The sales and use taxes imposed by the state or by any political subdivision thereof *744 shall not apply to necessary fees incurred in connection with the installation of service of cable television. Such exemptions shall not apply to purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.
To put it another way, can an object which is admittedly tangible personal property be nonetheless exempt from taxation under LSA-R.S. 47:305.16 because its "essence" is the "regular service, installation and repairs" of cable television. The question becomes whether the "essence" of the transaction is to obtain the converter boxes and/or the remote controls as ends in themselves or is it to obtain "regular" cable service and the boxes and remote controls are just the means to that end. Cf. South Central Bell Telephone Company v. Barthelemy, 643 So.2d 1240, 1247 (La.1994).
Tax statutes should be liberally construed in favor of the taxpayer, but exemptions should be strictly construed. Bill Roberts, Inc. v. McNamara, 539 So.2d 1226, 1229 (La.1989). United Companies Life Ins. Co. v. City of Baton Rouge, 577 So.2d 195 (La. App. 1 Cir.1991).
Cox Cable filed the affidavit of John Cochran which states that:
"Cox Cable offers basic cable television service in a multi-channel format as well as various premium channels and pay-per-view service. The home terminal (converter/descrambler box) used by Cox Cable allows reception of the multi-channel format, tunes and descrambles the authorized premium channels, and provides the channel to the subscriber's television on an NTSC EIA Channel 3 or 4 carrier. Without the home terminal (converter/descrambling box) Cox Cable cannot provide adequate cable television service."
See White v. Storer Cable Communications, Inc., 507 So.2d 964 (Ala.App.1987) which is consistent with Cochran's affidavit and explains that the converter box is necessary for all those cable subscribers who do not have cable ready television sets.
The City filed no countervailing affidavit. LSA-C.C.P. art. 967.
The converter boxes are as much a part of the "regular" cable service as the coaxial cable itself and, therefore, fall under the tax exemption provided by LSA-R.S. 47:305.16. The fact that people with cable ready televisions may not need the boxes to obtain "basic" channels does not change the fact that for those who do require them the boxes are necessary for providing "regular" cable service.
The City argues that:
"The Court should take cognizance of the fact that neither the converter/decoder box nor the remote control unit is used to deliver basic television cable services. The Affidavit of John Cochran specifically states that the converter/decoder box and the remote control unit is necessary to deliver cable services on premium channels where an extra charge is incurred by the subscriber who views these channels." [Emphasis added.]
In effect, the City argues that John Cochran's affidavit says that the converter boxes deliver only premium channels and premium channels are not a "regular service." The City would thereby limit the definition of "regular service" to the "basic" cable package only. This Court disagrees with the City for several reasons.
The City in its original answers to Cox Cable's request for admissions admitted that the converter boxes were part of regular cable television service, but was allowed to amend it answer to deny that fact. However, the City in opposing Cox Cable's motions for summary judgment is not entitled to rely on that bare denial. LSA-C.C.P. art. 967. The City filed no countervailing affidavit to support its position and there is nothing else in the record that would do so. Briefs and arguments of counsel do not satisfy the requirements of LSA-C.C.P. art. 967.
Moreover, John Cochran's affidavit specifically states that the converter box is used to deliver "basic cable television service in the multi-channel format." The City filed no countervailing affidavit. The City is not entitled to rest on mere allegations. LSA-C.C.P. *745 art. 967. It is common knowledge that such a converter box is necessary for any cable subscriber who does not have a cable ready television.
Moreover, the term "regular service" as used in LSA-R.S. 47:305.16 includes more than just the "basic" channel package. "Regular service" includes any channels offered on a regular basis regardless of whether there might be some incremental fee required in order to obtain those channels. Thus, the offering of "premium" channels is a regular viewing[1] service of cable television offered on a regular basis. The fact that there may be an additional charge for "premium" channels does not mean that they are not a "regular service" of Cox Cable.
The remote controls, however, are another matter. The trial judge relied on White v. Storer in finding that the remote controls were not taxable. White v. Storer is relevant, but distinguishable. It dealt only with converter boxes.
Mr. Cochran's affidavit states that the remote controls work only with the Cox Cable converter boxes and are otherwise useless. The City does not contest that fact and filed no countervailing affidavit. LSA-C.C.P. art. 967. Thus Cox Cable takes the position that a piece of equipment is an essential and integral part of "regular" cable service if it can only be used in connection with that service. But the test is not whether the equipment can be used without cable service. Rather the test is whether the cable service can be used without the equipment.
There are no genuine issues of material fact regarding either the converter boxes or the remote control devices. The converter boxes are clearly entitled to the tax exemption provided by LSA-R.S. 47:305.16. They are essential to the reception, i.e., "installation" of "regular" cable viewing.
The remote controls, on the other hand, provide a form of customer convenience. They are nice to have, but it is common knowledge that the cable viewer can receive broadcasts and change the channels with nothing more than the converter box. It is the opinion of this Court that such a convenience is not contemplated by the LSA-R.S. 47:305.16 exemption for "regular service."
For the foregoing reasons we affirm the judgments of the trial court to the extent that they hold that the converter boxes are not taxable, but reverse on the issue of the taxability of the remote control units.
AFFIRMED IN PART AND REVERSED IN PART
JONES, J., dissents in part, concurs in part.
JONES, Judge, dissenting in part, concurring in part.
I concur in that part of the majority opinion reversing the trial court's judgment in case # 94-CA-2492 relative to the exemption from sales and use tax of cable remote control devices. I agree with the majority that the remote control devices are a customer convenience and not integral to the delivery of service.
However, I disagree with the majority's affirmation of the trial court's judgment in case # 94-CA-2102 finding that lease of the converter boxes are entitled to the exemption from sales and use tax. The majority relies on the affidavit of John Cochran to reach its conclusion.
I do not find that the self-serving affidavit of Mr. Cochran is dispositive as to whether material-issues of fact persist. The converter boxes are only integral to subscribers without cable-ready televisions, subscribers to premium channels or pay for view subscribers. I believe that a genuine issue of material fact exists as to whether customers are purchasing cable television service that includes the lease of the converter box which is not integral to the delivery of service.
I would reverse the trial court's judgment and remand this matter for a determination of whether all of the customers leasing converter boxes are doing so because the converter *746 boxes are integral to the delivery of service.

REHEARING GRANTED
We grant rehearing for the limited purpose of correcting a clerical error on page 743 of the opinion of this Court as originally rendered whereby the disposition of the consolidated cases was transposed.
We hereby reverse and render judgment in favor of the City of New Orleans in 94-CA-2494 and affirm the judgment of the trial court in 94-CA-2102.
In all other respects the opinion as previously rendered remains unchanged.
NOTES
[1] Thus "regular service" as used in LSA-R.S. 47:305.16 does not include all conceivable regular services, but only those that are necessary for viewing the regular broadcast offerings.