Dear Senator Hines:
Reference is made to your recent correspondence, wherein you enclosed a letter from a constituent in Oakdale, Louisiana, regarding the difficulty nonprofit literacy organizations are having in obtaining state sales and use tax exemption numbers, as provided in Act 27 of the regular Session of 2002 ("Act 27"), which enacted La.R.S. 47:305.14(A)(5). Specifically, you asked that we advise you if our office would be the appropriate body to address this matter. For the reasons set forth below, please be advised that the legislature would be the appropriate body to address this issue.
As an author of Act 27, you are no doubt aware that La.R.S.47:305.14(A)(5) provides a sales and use tax exemption to:
 "nonprofit literacy organizations in compliance with the court order from the Dodd Brumfield decision and Section 501(C)(3) of the Internal Revenue Code, limited to books, workbooks, computers, computer software, films videos and audio tapes." (Emphasis supplied).
The order referred to in La.R.S. 47:305.14(A)(5) is a supplemental order issued by the United States District Court for the Eastern District of Louisiana in the matter of Brumfield v. Dodd, C. A. No. 71-1316,405 F. Supp. 338 (U.S. Dist. Ct., E. D., 1975). That decision determined that the state and its political subdivisions were violating the equal protection rights of black students attending public schools by furnishing books, educational materials and other assistance to private schools which discriminated on the basis of race, and permanently enjoined the state from providing any type of assistance to "any racially discriminatory private school or to any racially segregated private school." In its supplemental order to the decision, the Court also ordered the state to require private schools to complete a judicially mandated form styled a "Certification and Background Information Form" and to submit same to the State Board of Elementary and Secondary Education, and further required the state's utilization of the form in determining the school's eligibility to receive state assistance.
La.R.S. 47:305.14(A)(5) appears to require a nonprofit literacy organization seeking exemption from sales taxes to complete the Certification and Background Information Form required by the supplemental order issued in Brumfield v. Dodd, as well as to obtain the Department of Education's certification of eligibility to receive state assistance. Apparently, the legislature sought to ensure that tax exemptions would only be granted to nonprofit literacy organizations that do not discriminate on the basis of race. In conformity with La.R.S.47:305.14(A)(5), the Department of Revenue has required letters from the Department of Education indicating that literacy organizations seeking tax exempt status are in compliance with the requirements of theBrumfield v. Dodd decision.
Since the Certification and Background Information Form required by theBrumfield v. Dodd decision pertains to the evaluation of schools, as opposed to literacy organizations, your constituent asserts that the Department of Education is unable to properly certify these organizations. In this regard, your constituent states: "I believe that an Attorney General's Opinion could address the issues of Brumfield v.Dodd and could give some guidance to the Dept. of Education or the Dept. of Revenue as to what should be required, if anything, of these organizations." However, we must respectfully advise that an Attorney General's opinion would not be the correct avenue for your constituent's concerns to be addressed.
It is the prerogative of the legislature to establish the basis for tax exemptions, to determine which taxpayers shall be entitled to exemptions and to set forth the criteria by which such taxpayers are to be identified. Even in a case such as this, where the criterion established by the legislature is allegedly unworkable, the Attorney General's Office cannot substitute its judgment for that of the legislature. The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Tax statutes should be liberally construed in favor of the taxpayer, but tax exemptions must be strictly construed against the taxpayer. Cox Cable New Orleans, Inc. v. City of New Orleans,664 So.2d 742 (La.App. 4th Cir. 1995). Any possible doubt is fatal to the exemption. An exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata HaynieCorp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), writ denied;Ruston v. Riser, 191 So.2d 665 (La.App. 2nd Cir. 1966).
This office supports all efforts to end illiteracy in our state, and we recognize that the majority of nonprofit literacy organizations, if not all of these organizations, serve all of the people of this state, without regard to race. However, we also respect and support the legislature's desire to prevent the extension of state assistance, in the form of tax exemptions, to discriminatory entities or organizations. We respectfully suggest that the legislature may wish to reconsider the issue of sales and use tax exemptions for nonprofit literacy organizations at the next regular legislative session.
We hope the foregoing is of assistance. Please do not hesitate to contact us if we can be of further help in this regard or other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: September 5, 2002