Dear Representative Hammett:
This office is in receipt of your request for an Attorney General's opinion regarding Act 61 of the 2002 Regular Legislative Session ("Act 61"), which enacted LSA-R.S. 47:301(16)(h), relative to state sales and use taxes. LSA-R.S. 47:301(16)(h) pertains to the definition of "tangible personal property", and excludes from state sales and use tax "the first purchase" by certain taxpayers, of equipment necessary to convert from analog to digital broadcasting. According to your correspondence, Act 61 was enacted in an effort to reduce the financial hardship placed on Louisiana television and radio stations by federally mandated conversion from analog to digital broadcast systems.
Pertinently, 47:301(16)(h) provides:
 "For purposes of the imposition of the state sales and use tax, the term "tangible personal property" shall not include digital television conversion equipment and digital radio conversion equipment as defined in this Section.
 (i) "Digital television conversion equipment" shall include the following:
 [A list of enumerated items, such as "DTV transmitter and RF system", "DTV antenna", and "High definition up-converters" follows]
* * *
 (ii) "Digital radio conversion equipment" shall include the following:
 [A list of enumerated items, such as "Tower", "Digital console" and "AES EBU conversion equipment" follows]
 (iii) The exclusion from state sales and use tax authorized by this Subparagraph shall only apply to the first purchase of each enumerated item by an individual taxpayer who holds a Federal Communications Commission license issued pursuant to 47 C.F.R. Part 73. Individual taxpayers operating under several broadcaster licenses shall be allowed one purchase of each enumerated item per license. Each subsequent purchase of any of the enumerated items by the same taxpayer or license holder shall be subject to sales and use tax." (Emphasis supplied).
Act 61, which enacted LSA-R.S. 47:301(16)(h), further provides that eligible radio broadcasters are not entitled to the tax exclusion until such time as the FCC mandates a radio conversion to digital. It also provides for a tax credit to eligible taxpayers who purchased conversion equipment prior to the effective date of Act 61, and authorizes local taxing authorities to provide an exemption from local sales and use tax liability. Additionally, Act 61 provides that no tax exclusion shall be allowed after the FCC mandates discontinuance of the broadcasting of analog signals.
Apparently, questions have arisen regarding which purchases are subject to the sales tax exclusion created by Act 61, in light of the use of the terms "first purchase" and "each enumerated item", and in light of the fact that certain of the enumerated items are written in the singular, and others are written in the plural. As such, you seek our opinion as to what purchase(s) of an enumerated item or items, by eligible taxpayers, would be free of state sales and use tax.
In our opinion, the language of Act 61 allows for the `first purchase' of each enumerated item purchased for the purpose of conversion from an analog to a digital broadcast signal, to be excluded from state sales and use tax. A subsequent purchase of an enumerated item should be subject to state sales and use tax.
With regard to enumerated items which are listed in the singular, such as "DTV antenna", it is our opinion that only one purchase of such an item, which must be the eligible taxpayer's first purchase of such an item, will be excluded from sales and use tax. As such, even if a station needs a number of DTV antennas for its conversion to digital, it can only obtain the sales tax exclusion on one DTV antenna, namely the first one it purchases.
With regard to enumerated items which are expressed in the plural, such as "High definition up-converters", the plural would allow for multiple items to be purchased, provided those items are purchased for the first time and all at the same time. For example, if a station needs three high definition up-converters for its conversion to digital, it must purchase all three at the same time. If, at the time the station makes its first purchase of a high definition up-converter for conversion to digital, it only purchases two converters, the station will not be entitled to sales tax exclusion on its subsequent purchase of the third converter.
In reaching our determination herein, we are guided by the following rules of statutory construction: Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. Art. 12. In construing statutory language, it is the duty of the courts of this state to honor the meaning of a statute as revealed by its language, purpose and history. Zeringue v. State, Dept. of Public Safety, 467 So.2d 1358
(La.App. 5 Cir. 1985). When the language of a statute must be interpreted in an effort to carry out the obvious intent, the interpretation may be availed of to restrict but not to extend or enlarge the enactment. State ex rel. Noe v. Knop, 190 So. 135, (La.App., 1939). Tax statutes should be should be liberally construed in favor of the taxpayer, but tax exemptions must be strictly construed against the taxpayer. Cox Cable, Inc. v. City of New Orleans, 664 So.2d 742
(La.App. 4th Cir. 1995).
We trust the foregoing to be of assistance. We hope that you will not hesitate to contact us if we can be of help in the future.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
cc: Mr. J. A. Cline Department of Revenue
Date Released: October 9, 2002