STEPHEN J. WINDHORST, Judge.
| ¡Appellant, the Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson (“appellant”), appeals the trial court’s judgment in favor of Cox Communications Louisiana, L.L.C. (“Cox”) and against appellant, dismissing appellant’s claims with prejudice. For the reasons that follow, we affirm the trial court’s judgment.
On or about October 8, 2008, appellant initiated a sales and use tax audit of Cox. The audit covered the tax periods of January 1, 2005 through December 31, 2009. On December 20, 2010, appellant issued two final assessments in Audit 3376 and Audit 3377.[1] The total amount of principal and interest in dispute through the date of judicial demand is $695,683.79.[2] Cox filed a formal protest on February 25, 2011.[3] After issuing the final assessments, appellant filed a summary proceeding to recover sales tax for Cox’s Video on Demand (“VOD”) and Pay per View (“PPV”) programming.
Is After a trial on the merits, the trial court rendered judgment in favor of Cox, finding that VOD and PPV programming are not tangible personal property, but are nontaxable services. This appeal followed.
Standard of Review
A trial determination of fact is entitled to great deference on review. McGlothlin v. Christus St. Patrick Hosp., 10-2775 (La.7/1/11), 65 So.3d 1218, 1230. Factual findings of a trier of fact may not be disturbed by an appellate court absent manifest error. Allerton v. Broussard, 10-2071 (La.12/10/10), 50 So.3d 145, 145, reconsideration denied, 10-2071 (La.1/28/11), 56 So.3d 974. Where a conflict in the testimony exists, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the reviewing court may feel that its own evaluations and inferences are more reasonable. McGlothlin, 65 So.3d at 1231; Allerton, 50 So.3d at 145; Stobart v. State, Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993).
In interpreting statutes, the court must give the words of a law their generally prevailing meaning. La. C.C. art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. The meaning of words or phrases may be ascertained by the words and phrases with which they are associated. Cox Cable New Orleans v. City of New Orleans, 624 So.2d 890, 894 (La.1993). Words of gener-' al meaning should be applied only to such classes of things of the same general kind as those specifically mentioned. Id. The meaning of a word in a statute must be *159 determined in light of the statute as a whole. Id., citing Reed v. Washington Parish Police Jury, 518 So.2d 1044 (La.1988).
Taxing statutes must be strictly construed against the taxing authority. Goudchaux/Maison Blanche, Inc. v. Broussard, 590 So.2d 1159, 1161 (La.1991). I ¿Where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is adopted. Goudchaux, 590 So.2d at 1161; Cleco Evangeline, LLC v. La. Tax Comm’n, 01-2162 (La.4/3/02), 813 So.2d 351, 356; Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 895 (La.1993); Cox Cable New Orleans v. City of New Orleans, 94-2102, 94-2492 (La.App. 4 Cir. 11/16/95), 664 So.2d 742, 744. However, exemptions from taxation are strictly construed and must be clearly, unequivocally and affirmatively established. Goudchaux, 590 So.2d at 1161; See also, Cox Cable, 624 So.2d at 895; Cox Cable, 664 So.2d at 744, citing Bill Roberts, Inc. v. McNamara, 539 So.2d 1226, 1229 (La.1989).
Tangible Personal Property
In his first assignment of error, appellant contends that the trial court erred by finding that the separate access fee charged by Cox to a customer for each individual VOD and PPV transaction is not subject to sales tax as a lease or rental of tangible personal property, and by finding that such a transaction is a nontaxable service.
Jefferson Parish imposes a local sales tax on sales, leases, and rentals of tangible personal property and on the “sales of services.” Jefferson Parish Uniform Local Sales Tax Code Ordinance, Sections 35-22, 35-23, 35-24, 35-24.1. Jefferson Parish adopted by reference the Uniform Local Sales Tax Code in La. R.S. 47:337.1 through 47:337.100 and the definitions set forth in La. R.S. 47:301. Jefferson Parish Uniform Local Sales Tax Code Ordinance, Sections 35-16 and 17.
First, appellant contends that the data comprising Cox’s VOD and PPV programming constitutes computer software and therefore, is taxable as tangible personal property.
|fiCox contends that VOD and PPV are not tangible personal property. The customers do not receive a license or any rights to the VOD and PPV programming, except the right to view for a limited period of time. Cox also claims that transmitting data electronically does not transform it into computer software. Cox further contends VOD and PPV programming are transmitted in the same manner as other digital cable television services sold by Cox, which are not computer software or otherwise taxable. Cox maintains that VOD and PPV programming are services which are exempt under the applicable statutes.
Tangible personal property is defined as personal property which may be seen, weighed, measured, felt or touched, or is in any other manner perceptible to the senses. La. R.S. 47:301(16)(a). The definition of tangible personal property for use and sales tax purposes is synonymous with corporeal movable property in La. C.C. art. 461 and La. C.C. art. 471. South Cent. Bell Telephone Co. v. Barthelemy, 94-0499 (La.10/17/94), 643 So.2d 1240, 1243; City of New Orleans v. Baumer Foods, Inc., 532 So.2d 1381, 1383 (La.1988). La. C.C. art. 461 defines corporeal movables as things that have a body, whether animate or inanimate, and can be felt or touched, and La. C.C. art. 471 further defines corporeal movables as things, whether animate or inanimate, that nor *160 mally move or can be moved from one place to another.
Computer software is considered tangible personal property for purposes of use and sales taxation. Barthelemy, 643 So.2d at 1250. Appellant contends that the data stored in physical form on Cox’s computer hard drives or proprietary “Cloud” used to produce the visual images and sound on a YOD and PPV customer’s television is classified as computer software pursuant to La. R.S. 47:301(22). La. R.S. 47:301(22) provides:
| fi(22) The term “computer software” means a set of statements, data, or instructions to be used directly or indirectly in a computer in order to bring about a certain result in any form in which those statements, data, or instructions may be embodied, transmitted, or fixed, by any method now known or hereafter developed, regardless of whether the statements, data, or instructions are capable of being perceived by or communicated to humans. Computer software includes all types of software including operation, application, utilities, compilers, and all other forms.
Michael Latino, Cox’s former Vice President of Engineering and Operations for Louisiana properties[4] testified that Cox’s VOD and PPV programming are not considered computer software.[5] VOD and PPV programming are data streams which have to be interpreted by software or firmware.[6] A customer cannot copy, download or store VOD and PPV programming. Every viewing of VOD and PPV programming by a customer is “streamed real time from the Cox infrastructure.” Mr. Latino also testified that VOD and PPV programming are in digital format; there is no physical tape that contains the content. Mr. Latino further testified that no one in his industry for the past 26 years has ever considered VOD and PPV programming to be a form of software. He testified that it “has always been considered a service.”
George Markley, Assistant Vice President of Tax for Cox, testified that in the 800 jurisdictions where Cox conducts business, including Louisiana, Cox does not pay sales tax on VOD and PPV programming as tangible personal property. He also testified that the Louisiana Department of Revenue has never assessed sales tax on Cox’s VOD and PPV programming. Mr. Markley further testified that |7Cox pays franchise fees to Jefferson Parish for its cable television service, and VOD and PPV programming revenues are included in the franchise fee.
Considering the evidence and facts, we find that Cox’s VOD and PPV programming are not computer software as defined by La.. R.S. 47:801(16)(a), La. R.S. 47:301(22), and Barthelemy, supra. Accordingly, the trial court was not manifestly erroneous in finding that VOD and PPV *161 programming are not tangiblé personal property.
Second, appellant contends that even if VOD and PPV programming are not classified as computer software, they are classified as tangible personal property pursuant to La. R.S. 47:301(16) because the data comprising the VOD and PPV programming manifests itself in the customer’s television as visual images and sound. Appellant contends that as tangible personal property, VOD and PPV programming are subject to sales tax.
Michael Latino testified that while the converter box is firmware that translates the data into images and sound, the actual VOD and PPV programming are data streams that are not tangible personal property. As soon as the data streams reach the customer’s television, they no longer exist. If a customer wants to rewind or view a VOD or PPV programming an additional time, Cox must re-stream the VOD or PPV programming. Mr. Latino testified that the data streams are not tangible personal property, rather they are a service.
A review of the evidence in the record supports the trial court’s finding that Cox’s VOD and PPV programming are not tangible personal property. Accordingly, we find that the trial court did not err in this finding.
Third, appellant contends that Cox’s VOD and PPV customers receive the use of the visual images and sound on a per transaction basis for a fixed period of time, at a price separate from, and in addition to, charges for basic and premium | ^channel subscriptions. Appellant contends that because the customers do not acquire ownership of the content, VOD and PPV programming are subject to sales tax pursuant to lease or rental as set forth in La. R.S. 47:301(7). Cox counters that where significant restrictions are placed on another’s right to use property, the use does not rise to the level of a taxable “right to use” and no “lease or rental” occurs.
Jefferson Parish imposes a sales tax on “lease or rental” of tangible personal property. Jefferson Parish Uniform Local Sales Tax Code Ordinance, Section 35-22. “Lease or rental” is the leasing or renting of tangible personal property and the possession or use thereof by the lessee or renter, for a consideration, without transfer of the title of such property. La. R.S. 47:801(7)(a).
Mr. Latino testified that customers may only view the VOD and PPV programming for a limited period of time. Cox provides an interactive service wherein Cox is constantly involved with the streaming of the VOD and PPV programming. Mr. Latino further testified that VOD and PPV programming are not tangible personal property. VOD and PPV programming are streamed and are considered a service. Customers cannot download, store, record, distribute, or copy the VOD and PPV programming.
Because VOD and PPV programming are not tangible personal property, we find that La. R.S. 47:301(7) is inapplicable under the facts of this case.
We also find that VOD and PPV programming are exempt as “regular” cable services pursuant to La. R.S. 47:305.16 which provides:
The sales and use taxes imposed by the state or by any political subdivision thereof shall not apply to necessary fees incurred in connection with the installation and service of cable television. Such exemption shall not apply to purchases made by any cable television system, but shall only apply to funds collected from the subscriber for regular service, installation and repairs.
*162 |flThe term regular service as used in La. R.S. 47:305.16 includes more than the “basic” channel package. Cox Cable, 664 So.2d at 745. Regular service includes any channels offered on a regular basis regardless of whether there might be some incremental fee required in order to obtain those channels. Id. Thus, the offering of “premium” channels is a regular viewing service of cable television offered on a regular basis. Id. The additional charge for premium channels does not mean that they are not a regular service of Cox Cable. Id.
Mr. Latino testified 'that regular television services are services that Cox makes available to the public. VOD and PPV programming are part of the digital service tier that is available to anyone, 24 hours a day, 7 days a week. He also testified that the method of transmitting VOD and PPV programming and basic cable services are exactly the same.
Mr. Markley testified that VOD and PPV programming are offered and considered part of Cox’s regular cable services. He also testified that the subscriber agreement covers VOD and PPV programming.
The evidence established that the method of transmission of basic cable services and VOD and PPV programming are exactly the same.[7] Both services are delivered to the customer by pressing a button on his remote control and the content is then delivered through streams of light and radio frequencies. VOD and PPV programming are offered to all customers as part of Cox’s regular cable service. Additionally, it is undisputed that the same program may be offered on basic cable channel, VOD, or PPV at the same time. The only difference will be whether the customer selects an included program with commercials or selects the program with an incremental charge that is commercial-free.
ImServices and Exemptions
Tangible personal property is presumed subject to sales tax unless exempted by statute. La. R.S. 47:302; La. R.S. 47:305; La. R.S. 47:305.16. In contrast, only those services defined as “sales of services” pursuant to La. R.S. 47:301(14) are taxable. La. R.S. 47:302C; Intracoastal Pipe Service, Co., Inc. v. Assumption Parish Sales & Use Tax Dep’t, 558 So.2d 1296, 1298 (La.App. 1 Cir.1990), writ granted on other grounds, 563 So.2d 863 (La.1990). La. R.S. 47:301(14) provides a list of services that are subject to sales tax, which is illustrative and not exclusive. La. R.S. 47:301(14). In Cox Cable, the Fourth Circuit Court of Appeal found that regular cable television, including premium channels and pay-per-view, constituted a service for sales tax purposes. Cox Cable, 664 So.2d at 745.
Mr. Markley and Mr. Latino both testified that VOD and PPV programming are considered part of Cox’s regular cable service.
Considering the evidence and testimony, Cox’s VOD and PPV programming are considered “sales of services.” At issue is whether VOD and PPV programming are exempt from taxation.
As discussed above, cable television services, including VOD and PPV programming, are exempt as regular cable service from sales tax pursuant La. R.S. 47:305.16. Cable television services, including VOD and PPV programming, are further exempt from sales tax pursuant to La. R.S. 47:301(29)(x)(vii), which provides that television video programming services include but are not limited to cable service as *163 defined in 47 U.S.C. § 522(6). 47 U.S.C. § 522(6) defines cable service as including the one-way transmission to subscribers of video programming or other programming service, and subscriber interaction, if any, which is required for the selection or use of such video programming or other programming service.
In Applying the facts of this case to the above statutes, we find that cable service, including YOD and PPV programming, are exempt from the list of taxable services. Accordingly, we find that the trial court was not manifestly erroneous in finding that VOD and PPV programming are nontaxable services.
Expert Opinion
In his second assignment of error, appellant contends that the trial court erred by allowing into evidence legal opinions on the law of other states and the comparison of that law with the law of Louisiana.
A trial court is given broad discretion in determining whether expert testimony should be held admissible, and who should or should not be permitted to testify as an expert. Cheairs v. State ex rel. Department of Transp. and Development, 03-0680 (La.12/3/03), 861 So.2d 536, 541. The trial court may accept or reject uncontradicted opinions expressed by an expert as to ultimate facts, based upon the other evidence that the trial court admits. See Brennan’s House of Printing, Inc. v. Brennan, 05-647 (La.App. 5 Cir. 2/27/06), 924 So.2d 1067, 1071, writ denied, 06-0689 (La.5/26/06), 930 So.2d 33. The effect and weight to be given expert testimony is within the broad discretion of the trial court. Pendleton v. Barrett, 97-570 (La.App. 3 Cir. 12/23/97), 706 So.2d 498, 501. The decision reached by the trial court regarding expert testimony will not be disturbed on appeal absent a finding that the trial court abused its discretion. Morgan v. State Farm Fire and Casualty Company, Inc., 07-0334 (La.App. 1 Cir. 11/2/07), 978 So.2d 941, 946.
Witnesses may not provide opinions regarding domestic law. UTEL-COM, Inc. v. Bridges, 10-0654 (La.App. 1 Cir. 9/12/11), 77 So.3d 39, 54. The testimony of an expert, with the attendant right to express opinions and conclusions, is proper for the purpose of assisting the court only in those fields in which the court lacks | ^sufficient knowledge to enable it to come to a proper conclusion without such assistance. Id.
After a thorough review of the evidence and expert testimony, we find that the trial court did not abuse its discretion in accepting Professor Richard Pomp’s opinion testimony as an expert witness on matters of “State Tax Policy and the Intersection of Tax Law and Technology.” Professor Pomp stated that he would “not opine on Louisiana law. That is obviously the province of His Honor.” The trial court was in a better position to determine the proper amount of effect and weight to give this witness.[8] Accordingly, we find this argument is without merit.
Conclusion
For the above stated reasons, we affirm the trial court’s judgment. All costs are assessed against appellant, Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson.
AFFIRMED.

. The parties stipulated that for Audit 3376, the principal amount in dispute is $209,884.36, plus $112,222.22 in interest accrued through the date of judicial demand and for Audit 3377, the principal amount in dispute is $280,100.90, plus $93,476.31 in interest accrued through the date of judicial demand.

. The parties stipulated that the taxability of the transactions underlying the determinations of the assessed amounts is in dispute, and not the mathematical correctness of the tax and interest calculations.

. After a hearing, the trial court found that Cox’s protest was timely filed.

. Mr. Latino is currently Cox’s Vice President of Service, Infrastructure, and Delivery.

. Mr. Latino testified that he "would not classify Video on Demand as software. It is truly data stream which has to be interpreted by some software or firmware. The second piece is that we never distribute Video On Demand in a physical medium.” Mr. Latino further testified that there is "never a complete, you know, a complete download or transferal of the entire content from one location to the other.”

. When questioned about whether Video on Demand is different than the converter box that may have some level of software, Mr. Latino testified "That’s correct. So the converter box itself I’d classified [sic] it more as firmware. The speed at which these ones and zeros are processed has to happen at a chip level, but, yes.” Mr. Latino further testified "That’s not what the customer is buying. What we’re talking about is the actual stream of that video programming.”

. Mr. Latino testified that there is no difference between how Cox transmits VOD. and PPV video content to subscribers and how it transmits digital cable television.

. Even assuming that the trial court abused its discretion, Professor Pomp’s testimony would be harmless error. The evidence, absent Professor Pomp's testimony, was sufficient to support the trial court's findings of fact.