JOHNSON, J.
In this tax collection case, Defendant, Wal-Mart.com USA, LLC ("Walmart.com"), appeals the trial court's judgment finding it liable for sales tax on transactions involving third-party retailers on its online marketplace. For the following reasons, we affirm the judgment of the trial court.
FACTS & PROCEDURAL HISTORY
The facts of this case are undisputed. Walmart.com operates an online marketplace ("the Marketplace") where it, along with third-party retailers, sell their goods. Specifically, Walmart.com sells inventory it owns on the website and facilitates the sales of goods owned by third-party retailers who list their goods for sale on the Marketplace. Visitors to the Walmart.com website have the opportunity to buy goods from Walmart.com or the third-party retailers.
In order to sell their goods on the Marketplace, the third-party retailers must enter into a contract with Walmart.com. This contract, the Marketplace Retailer Agreement ("the Agreement"), provides that the third-party retailer will be the seller of record. It further requires that the third-party retailer provide certain information for each product sold, including the product name, a description of the product, an image, the price, and the product tax code.
Under the contract, customers of the Walmart.com website place orders for the third-party retailer's goods using the Walmart.com checkout system, and Walmart.com collects all of the proceeds from such transactions. Thereafter, Walmart.com electronically transmits the order information, including the customer's name, email address and shipping address, to the third-party retailer who is solely responsible for fulfillment of the order, including packaging and shipping the goods to the customer. The third-party retailer is also responsible for customer service, including all cancellations, returns and refunds. Further, items purchased from the third-party retailer cannot be picked up at or returned to a physical Wal-Mart store. In exchange for allowing third-party retailers to sell their goods on the Marketplace, Walmart.com receives compensation from the third-party retailers *977 in the form of a referral fee percentage, which is set forth in the Agreement, for each product sold by the third-party retailer on the Marketplace.
The Agreement further sets forth the tax policies applicable to the third-party retailers. It specifically provides that the third-party retailer is solely liable for any tax liabilities, including sales and use taxes. The Agreement offers an option to the third-party retailer for Walmart.com to collect the applicable taxes on its behalf, but the third-party retailer is responsible for remitting the taxes to the proper government agencies.
For each year from 2009 through 2015, Walmart.com filed its Jefferson Parish Quarterly Sales and Use Tax Returns, in which it reported all sales made by Walmart.com to customers in Jefferson Parish and remitted the required sales tax. It did not report or remit sales tax for those sales made by the third-party retailers on its Marketplace. Plaintiff, Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, through his successor in office Sheriff Joseph P. Lopinto, III ("the Tax Collector"), subsequently conducted an audit of Walmart.com for the period of January 1, 2009 through December 31, 2015. As a result of the audit, the Tax Collector determined that additional sales taxes were owed by Walmart.com for sales involving the third-party retailers on the Marketplace.
On February 16, 2017, the Tax Collector filed a Rule for Taxes alleging Walmart.com failed to collect and remit local sales taxes from its customers for certain Jefferson Parish retail sales transactions - specifically those sales transactions involving third party retailers. Relying on the audit report, the Tax Collector sought unpaid sales taxes in the amount of $1,896,882.15, along with interests, penalties, audit fees, and attorney fees. After a three-day trial over a period of three months, the trial court rendered judgment on March 2, 2018, in favor of the Tax Collector for the uncollected taxes involving sales of third-party retailers in the amount of $137,944.25, plus interest and attorney fees. The trial court issued reasons for judgment explaining that the obligation to collect and remit local sales and use taxes is imposed on a "dealer" and that the statutory definition of "dealer" is not limited to a retail seller. The trial court determined that Walmart.com was a "dealer" as defined in La. R.S. 47:301(4)(l), and therefore, as a "dealer," it was responsible for the sales tax obligation arising from the sales of third-party retailers on its Marketplace. Walmart.com appeals this judgment.[1]
ISSUES
Walmart.com raises several issues on appeal. First, it argues the trial court erred in finding Walmart.com liable for taxes attributable to sales made by third-party retailers when it never had title or possession of the property being sold and never transferred title or possession. Second, it contends the trial court erred in applying La. R.S. 47:301(4)(l). And, third, it argues the imposition of a sales tax obligation on Walmart.com for sales made by third-party retailers violates federal law.
DISCUSSION
Louisiana state law imposes a sales and use tax on every item of tangible personal property sold or used in Louisiana.
*978 La. R.S. 47:302(A). Additionally, the Louisiana Constitution, Article VI, § 29, authorizes a local governmental subdivision to levy a tax on the sale or use of tangible personal property. Under this authority, Jefferson Parish has adopted by reference the Uniform Local Sales Tax Code - set forth in La. R.S. 47:337.1 through 47:337.100 and the definitions set forth in La. R.S. 47:301 - and has imposed a sales and use tax on each item of tangible personal property sold, used, consumed, distributed or stored in Jefferson Parish. Jefferson Parish Uniform Local Sales Tax Code Ordinance, Sections 35-16 and 35-22 through 35-24.1; Normand v. Cox Communications Louisiana, LLC , 14-563 (La. App. 5 Cir. 12/23/14), 167 So.3d 156, 159, writ denied , 15-158 (La. 4/10/15), 163 So.3d 815.
Under La. R.S. 47:337.17(A)(1), the sales tax "shall be collected by the dealer from the purchaser or consumer." Subsection C further provides that any dealer who fails to collect the sales tax shall be liable for the tax and pay the tax himself.
"Dealer" is generally defined in La. R.S. 47:301(4) as "every person who manufacturers or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in a taxing jurisdiction." La. R.S. 47:301(4) subsections (a) through (l) further define the term "dealer" for purposes of the sales and use tax. Under subsection (l), a "dealer" includes
[e]very person who engages in regular or systematic solicitation of a consumer market in the taxing jurisdiction by the distribution of catalogs, periodicals, advertising fliers, or other advertising, or by means of print, radio or television media, by mail, telegraphy, telephone, computer data base, cable, optic, microwave, or other communication system.
"Sale at retail" is defined in pertinent part as "a sale to a consumer or to any other person for any person other than for resale as tangible personal property." La. R.S. 47:301(10)(a)(i). And, "sale" is defined in pertinent part as "any transfer of title or possession, or both."
The crux of Walmart.com's argument is that it is not responsible for collecting sales tax because it is not a "dealer" as it was not the seller in the transactions at issue - it neither transferred title nor possessed the property. It maintains the term "dealer" necessarily refers to the "seller" in the transaction; therefore, it asserts that the definition of "dealer" under La. R.S. 47:301(4)(l) is irrelevant because Walmart.com was not the "seller." Walmart.com argues that to apply the definition of a "dealer," set forth in La. R.S. 47:301(4)(l), to a facilitator of a sale is contrary to the legislative history of the statute.
"It is a fundamental principle of statutory interpretation that when a 'law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.' " McLane Southern, Inc. v. Bridges , 11-1141 (La. 1/24/12), 84 So.3d 479, 483 (internal citation omitted). In interpreting statutes, the court must give the words of a law their generally prevailing meaning. La. C.C. art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. The meaning of words or phrases may be ascertained by the words and phrases with which they are associated. Normand , 167 So.3d at 159. Words of general meaning should be applied only to such classes of things of the same general kind as those specifically mentioned. The *979 meaning of a word in a statute must be determined in light of the statute as a whole. Id.
While taxing statutes must be strictly construed against the taxing authority, this rule of construction favorable to the taxpayer only applies where a tax is susceptible of more than one reasonable interpretation and the intent of the legislature is ambiguously expressed in the laws. McLane , 84 So.3d at 485. We find the statutory provisions at issue are clear and unambiguous.
The legislature specifically used the word "dealer" as opposed to "seller" in setting forth the party responsible for collecting sales tax. The legislature then provided detailed definitions of who constituted a "dealer." Had the legislature intended that a "dealer" be limited to a "seller," it would have used the term "seller" rather than "dealer." The legislature's choice of the term "dealer" and its definition clearly encompasses a wider group of people than "seller." Therefore, we find no merit in Walmart.com's argument that the definition of "dealer" provided in La. R.S. 47:301(4)(l) is only applicable when dealing with a seller in a transaction.
The question then becomes whether Walmart.com is a "dealer" as defined in the statute. The trial court made a factual determination that Walmart.com was a "dealer" under La. R.S. 47:301(4)(l). Specifically, the trial court found the Marketplace "provides to third-party Marketplace retailers the service of enabling them to reach new customers." It further concluded the Marketplace is a service "that brings retailers and customers together, facilitating retailers 'gaining new customers, providing various services such as facilitates transaction, facilitating payment processing, and taking on risks of fraudulent activity and customers, as well as advising and making sure the retailer's products are found by potential new customers.' " As such, it found Walmart.com engaged in "regular or systematic solicitation of a consumer market" in Jefferson Parish and, thus, was a "dealer" as defined by statute.
The factual findings of the trial court are subject to a manifest error standard of review. Under this standard, in order to reverse a trial court's findings, an appellate court must conduct a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. Troxler v. Breaux , 12-330 (La. App. 5 Cir. 11/27/12), 105 So.3d 944, 949. The issue for the appellate court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was reasonable. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. Accordingly, where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. Id. Upon review of the record, we do not find the trial court's factual findings in this regard to be manifestly erroneous.
Insofar as Walmart.com argues that the law imposing an obligation on a marketplace facilitator, as a dealer, to collect sales tax on the sales of a third-party retailer on its website violates federal law and is discriminatory, we find it is effectively challenging the constitutionality of the tax statutes. Since Walmart.com did not challenge the constitutionality of the law at the trial court level, these issues are not properly before us. See *980 Vallo v. Gayle Oil Co., Inc. , 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65.
DECREE
For the foregoing reasons, we affirm the trial court's March 2, 2018 judgment in favor of Plaintiff, Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, through his successor in office Sheriff Joseph P. Lopinto, III, and against Defendant, Walmart.com, for the uncollected taxes involving sales of third-party retailers on its online Marketplace.
AFFIRMED

We note that the Tax Collector did not answer the appeal and does not challenge any part of the judgment.